NOT DESIGNATED FOR PUBLICATION

No. 114,700

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD P. MARTIN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Miami District Court; AMY L. HARTH, judge. Opinion filed June 10, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., BUSER and BRUNS, JJ.


*Per Curiam*:  Richard P. Martin appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Martin's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

On October 10, 2013, Martin pled guilty to one count of attempted battery of a law enforcement officer. On December 5, 2013, the district court sentenced Martin to 27 months' imprisonment but granted probation with community corrections for 24 months.

At a hearing on May 15, 2014, Martin stipulated to violating his probation by committing a new offense. The district court extended Martin's probation for an

1

additional 24 months. At a hearing on December 23, 2014, Martin again stipulated to violating his probation by testing positive for methamphetamine. The district court ordered "quick dip" sanctions and subsequently ordered "120 day call-back sanctions." At a hearing on July 9, 2015, Martin again stipulated to violating his probation by testing positive for methamphetamine. The district court extended Martin's probation for an additional 12 months and ordered him to undergo substance abuse screening. Finally, at a hearing on September 14, 2015, Martin again stipulated to violating his probation by failing to attend or make appointments to secure substance abuse screening and failing to report to his supervisor as directed. The district court revoked Martin's probation and ordered him to serve his underlying prison sentence. Martin timely appealed.

On appeal, Martin contends that the district court "erred in revoking [his] probation when a 180-day jail sanction remained an available option." Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As Martin acknowledges, K.S.A. 2015 Supp. 22-3716(c)(8) provides that if the offender commits a new felony or misdemeanor while on probation, the district court may revoke the probation without imposing any other sanctions. Here, Martin stipulated and the district court found that he committed a new offense while on probation. Martin does not challenge the sufficiency of this finding as a basis for the district court's decision

to revoke the probation. Martin received numerous opportunities to succeed at probation, but he squandered those opportunities by failing to comply with the district court's orders. The district court's decision to revoke Martin's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Martin's probation and ordering him to serve his underlying prison sentence.

Affirmed.